UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DENNIS BAMBER, INC. d/b/a ) | |
| THE WOODWIND & ) | |
| THE BRASSWIND, ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | No. 3:04 CV 539 |
| ) | |
| ZINC PROPERTIES LLC, ) | |
|     Defendant. ) | |

## OPINION and ORDER

This matter is before the court on a motion to dismiss the case for lack of personal jurisdiction pursuant to FED. R. CIV. P. 12(b)(2), filed by defendant Zinc Properties LLC ("Zinc"). While a complaint need not allege the facts that establish personal jurisdiction, once the defendant challenges the existence of jurisdiction by filing a RULE 12(b)(2) motion, the plaintiff then bears the burden of establishing that the court may exercise personal jurisdiction. *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998). When, as will be the case here, the issue is to be decided without an evidentiary hearing, on the basis of affidavits and documentary materials submitted by the parties, the plaintiff need only make a prima facie showing on jurisdiction. *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). In so doing, the plaintiff

is entitled to have any disputes concerning the relevant facts resolved in its favor. *Id*.

The complaint in this case, filed by plaintiff Dennis Bamber, Inc. d/b/a The Woodwind & the Brasswind ("Bamber") alleges "cyberpiracy" in violation of 15 U.S.C. § 1125(d). Briefly, Bamber alleges that it was the owner of the mark "BAND123" and the internet domain name "BAND123.com." However, while he was an employee of Bamber, Stephen Zapf, who is an owner and principal of Zinc, allowed Bamber's registration of the domain name to expire. He then purchased it and registered it as a domain name of Zinc's. Zinc has either caused, or allowed, the domain name to point to a website featuring pornography and advertisement of the BAND123.com name as being for sale to the general public, thus both tarnishing Bamber's image and profiting from the use and registration of the mark.

A court may exerice either "general" or "specific" personal jurisdiction over a defendant. General personal jurisdiction, which allows a defendant to be haled into the courts of a state with respect to any transaction or occurrence any place in the world, exists when a defendant is physically present in the jurisdiction or has such "continuous and systematic general business contacts" as to be tantamount to a physical presence. *Purdue Research Foundation*, 338 F.3d at

787 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). Specific personal jurisdiction exists when there are sufficient minimum contacts between and among the parties, the litigation before the court, and the forum, to satisfy due process; that is, to make it not fundamentally unfair for the defendant to be haled before the court with respect to the litigation and to be bound by the court's judgment. *Purdue Research Foundation*, 338 F.3d at 780. Although subject-matter jurisdiction in the present case is based on a federal statute, because that statute does not authorize nationwide service of process, this court can exercise personal jurisdiction of either variety over Zinc only if an Indiana state court could. *Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1201 (7th Cir. 1997).

Zinc has filed the affidavit of the aforementioned Stephen Zapf, who affirms that he is one of only two shareholders in Zinc. According to Zapf, Zinc is a New Jersey company that has neither a presence in Indiana nor conducts any business there. The sole business conducted by Zinc is the ownership and management of two pieces of real estate in New Jersey, a seashore rental property and a commercial building. Thus, Zinc argues that an Indiana court could not exercise general personal jurisdiction over it.

As to specific personal jurisdiction, Zapf swears that he, not Zinc, acquired the domain name BAND123.com, merely listing Zinc as his company affiliation on the registration form, and that "Zinc has never owned the BAND123.com domain." Thus, Zinc argues that because it never owned or controlled the domain name and website it pointed to, it has no connection to the events alleged in the complaint, and the court cannot exercise personal jurisdiction over it. Even were this not true, Zinc argues that merely maintaining a passive website that can be accessed at any computer in Indiana does not subject a nonresident defendant to specific personal jurisdiction. *See Jennings v. AC Hydraulic A/S*, 383 F.3d 546 (7th Cir. 2004).

Bamber has responded with the affidavit of Steve Peer, who attests that he is employed by Bamber as its Director of IT (the court thinks it safe to assume this means Director of Information Technology), is responsible for maintaining and operating Bamber's commercial websites, and, because of his duties and experience, is familiar with the registration, maintenance and renewal process for domain names.

Boiling things down in the interest of simplicity, Peer explains that the organization responsible for managing and coordinating the internet domain name system is the Internet Convention on Assigned Names and Numbers,

4

commonly referred to as ICANN. ICANN accredits the entities that issue domain names and serve as the registrars of those domain names. As part of that accreditation, ICANN requires the registrars to maintain a free "WhoIs" service, through which information may be obtained as to the ownership and contact information for each domain name. At times relevant to the present lawsuit, Peer used the WhoIs service provided by Network Solutions—a well-known, accredited registrar—to obtain registration information for BAND123.com. The registration information he obtained indicated that Zinc was the registrant of the domain name, and Stephen Zapf the administrative, technical and billing contact. Under the relevant standard, which requires doubts about the relevant facts to be resolved in Bamber's favor, Peer's affidavit is sufficent to make a prima facie showing that Zinc at the relevant times had ownership or control of the BAND123.com domain name.

Zinc contends, nevertheless, that even if it did register the domain name, merely maintaining a passive website that can be accessed from Indiana is not enough of a contact with Indiana to create specific personal jurisdiction for the purposes of this case, citing *Jennings v. AC Hydraulic A/S*, 383 F.3d 546 (7th Cir. 2004), in support. The facts in *Jennings* are inapposite to the present case, however. In *Jennings* the plaintiff was the widow of a man killed by a forklift he

was working on when it fell from a hydraulic jack manufactured by the defendant. The defendant, a corporation based in Denmark, had no presence in or contacts with Indiana. On occasion it had sold hydraulic jacks to a distributor based in Florida. The defendant maintained a website which could be accessed from anywhere in the United States. The website was translated into English, and advertised the defendant's products, but those products could not be ordered or purchased using the website. The Court of Appeals held that because a passive website like the defendant's did not purposefully direct its business activities at consumers in the forum state, the website was not a contact that would support the exercise of specific personal jurisdiction. *Id*. at 549-50.

In contrast, in the present case it is precisely Zinc's (alleged) use of the BAND123.com website and BAND123 mark that Bamber claims is causing it harm. That harm occurs to Bamber where Bamber is located, Indiana, and therefore the exercise of specific personal jurisdiction over Zinc in this suit is consistent both with Indiana's long-arm statute, Ind. Tr. R. 4.4(A), which allows the exercise of personal jurisdiction "on any basis not inconsistent with the Constitutions of this state or the United States," and with due process itself. *See Janmark*, 132 F.3d at 1202-03; *see also Litmer v. PDQUSA.com*, 326 F.Supp.2d 952, 955 (N.D. Ind. 2004) (after 2003 amendment adding the "on any basis not

inconsistent" to Tr. R. 4.4(A), only issue is whether exercise of jurisdiction comports with federal due process.)

Zinc argues that the conclusion stated immediately above is incorrect because, rather than the inquiry simply being whether due process is satisfied, Indiana still requires that one of the acts enumerated in Ind. Tr. R. 4.4(A) be committed by the defendant, as stated in *Pozzo Truck Center, Inc. v. Crown Beds, Inc.*, 816 N.E.2d 966 (Ind. App. 2004) (citing and disagreeing with *Litmer*). Zinc argues further that Indiana courts, like "[n]early every court to consider the issue," Zinc's Reply Memorandum at 7, have recognized that merely registering a domain name is not an act that gives rise to personal jurisdiction.

The *Pozzo* court reasoned that although Ind. Tr. R. 4.4(A) was amended to state that courts can exercise jurisdiction in any manner that is constitutionally permissible, because the Indiana legislature did not delete the list of enumerated acts, it did not mean what it said when it stated that any exercise of jurisdiction permitted by the constitution is allowed "[i]n addition" to the enumerated acts. A different Indiana appellate court, however, has described the amendment as expanding jurisdiction to "the full extent of the law," *Richards & O'Neil, LLP v. Conk*, 774 N.E.2d 540, 550 n. 6 (Ind. App. 2002), and this court does not believe that the Indiana Supreme Court would agree with *Pozzo.* While *Pozzo* correctly

7

points out that the amendment of Tr. R. 4.4(A) could have been more carefully drafted, it does not show any ambiguity in the statute making statutory construction necessary. While *Pozzo* reads the statute so that the words "[i]n addition" lose all meaning, the court believes that the Indiana Supreme Court would apply the plain language of the statute as written, taking the same approach as *Litmer*.

For this reason, Indiana cases decided before the amendment of Tr. R. 4.4(A), such as *Conseco, Inc. v. Hickerson*, 698 N.E.2d 816 (Ind. App. 1998) which Zinc relies on to support its contention that merely registering a domain name does not support jurisdiction, are, to the extent that they are inconsistent with *Janmark*, no longer good law. In addition, it is not clear that *Conseco*, which Zinc tries to wring too much mileage from, even is inconsistent with *Janmark*. In *Conseco*, the defendant had used a trademarked name in comments on his website, which is not the same as using the identical mark as a registered domain name, the situation here. In fact, the *Conseco* court specifically recognized that cases involving cyberpiracy, such as is alleged in the present case, might support the exercise of personal jurisdiction. *Conseco*, 698 N.E.2d at 819.[*]

---

[*] The cases Zinc relies on in addition to *Conseco* to support its argument that simply registering a domain name cannot support the exercise of personal jurisdiction all are distinguishable for similar reasons. For example, *America Online, Inc. v. Huang*, 106 F. Supp. 2d 848 (E.D. Va. 2000), involved the Virginia long-arm statute, which, like

USDC IN/ND case 3:04-cv-00539-JTM-CAN   document 26   filed 03/30/06   page 9 of 11

There is also the fact that the BAND123.com domain name registered to Zinc in the present case did not point to a merely passive website, but instead to one which offered the domain name for sale and solicited offers to purchase pornography. This would amount to conducting commercial activities in Indiana, causing harm in Indiana, an activity enumerated in Ind. Tr. R. 4.4(A)(2). *See also Morris Material Handling, Inc. v. KCI Konecranes PLC*, 334 F.Supp.2d 1118, 1124 (E.D. Wis. 2004) (commenting that personal jurisdiction properly exercised over defendants who operate interactive websites). As to this basis for personal jurisdiction, Zinc argues that Bamber (and the court, should it go down this path), are confusing a domain name with the internet site to which the domain name points.

Zinc argues that there is nothing to dispute the portions of Zapf's affidavit in which he explains that he purchased the BAND123.com name from an unaffiliated third party, CredoNic, and then "parked" it in an electronic account. The "domain name server" for BAND123.com still pointed to the website that

---

Indiana's prior to its 2003 amendment, required an enumerated act and did not contain a provision allowing the exercise of jurisdiction to the limits of due process. Others, such as *Search Force, Inc. v. Dataforce Intern., Inc.*, 112 F.Supp.2d 771, 777-78 (S.D. Ind. 2000), recognize that while merely registering a similar (or the same) domain name may not be enough if done so unintentionally, if there are circumstances indicating that the plaintiff was targeted, such as those that exist here, personal jurisdiction may be exercised.

CredoNic had directed it to, the one selling pornography and domain names. (According to Zapf, as soon as he learned that the domain name pointed to a pornographic website, he took steps to ensure that it pointed to nothing.) Thus, Zinc argues that it made no profit from the website that the BAND123.com name pointed to, did not place any content on that website, and is not responsible for the domain name pointing to that website: all of that is CredoNic's doing.

None of that changes the fact that Zinc (allegedly) owned a domain name that pointed to a pornographic website, to the possible detriment of Bamber. Zinc does not contend that it did not have the power, at the moment it acquired the domain name, to order CredoNic to stop it from pointing to the pornographic website. Whether Zinc's failure to do so means that Zinc does bear the responsibility for CredoNic's acts is a legal issue that may have to be resolved in this case. The possibility that Zinc may be held accountable is enough to allow personal jurisdiction, in the court's view.

Finally, there appears to be an additional reason making the exercise of personal jurisdiction proper that is both as simple as it is obvious (to the court, anyway), but which neither party has mentioned. In his affidavit Zapf admits that he acquired and registered the BAND123.com domain name while he was in Bamber's employ. Zapf also admits that he is an owner and principal of Zinc. As

an entity, Zinc can only act through its human agents. Thus, Zinc (allegedly) acquired and registered the BAND123.com domain name through an agent who was, at the time, in an active business relationship with Bamber, an Indiana corporation. Assuming that the actions of Zinc, acting through Zapf, amount to cyberpiracy as alleged in the complaint, the court cannot see how Zinc could fail to anticipate that its agent's actions undertaken while in the employ of an Indiana corporation could subject it to suit in Indiana with respect to those actions, and how an Indiana court's exercise of personal jurisdiction in that regard offends due process.

For the foregoing reasons, Zinc's motion to dismiss this action (DE # 14) is **DENIED**.

                                        **SO ORDERED.**

Enter: March 30, 2006

                                                 s/James T. Moody  
                                                 JUDGE JAMES T. MOODY  
                                                 UNITED STATES DISTRICT COURT